UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT STONE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00294-JMS-WGH |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Robert Stone for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 14-06-0021. For the reasons explained in this Entry, Stone's habeas petition must be **GRANTED**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

1

**B. The Disciplinary Proceeding**

On June 7, 2014, Officer K. Karksosky of the Pendleton Correctional Facility wrote a Report of Conduct in case number ISR 14-06-0021 charging Stone with disorderly conduct (Class B). This offense is defined as "exhibiting disruptive **and** violent conduct which disrupts the security of the facility or other area in which the offender is located." See dkt 9-6, Offense 236 of the Indiana Department of Correction's disciplinary code)(emphasis added).

The conduct report states the following:

> On 6/7/2014 at 2:20pm, I, Ofc. K. Karkosky, was securing offenders that were returning from the 12:30pm chapel count letters when I noticed an offender that was going from range door to range door attempting to converse with other offenders. I asked the offender where his cell was located and he stated downstairs. I then told Offender Stone, Robert DOC#194745 to go down to his cell. I finished securing the offenders from the chapel count letter and heard offender Stone's voice on the 5A/6A landing. I went up to the 5A/6A landing and told offender Stone to go lock up immediately, at that point the A-Block chow line was called out and offender Stone slipped into the chow line. Offender Stone was then apprehended [and returned] to his unit (O-Dorm) after eating chow with the A-Block chow line and was taken to a holding cell.

On June 9, 2014, Stone was charged with disorderly conduct and served with the Notice of Disciplinary Hearing (Screening Report), which notified him of his rights. Stone pled not guilty, requested 24-hours' notice of his hearing, and asked for a lay advocate. He declined his opportunity to call witnesses but sought access to evidence in the form of video of the incident.

The facility denied the request for access to video of the incident for security concerns. However, Stone was provided with a summary of the contents of the video, as follows:

> There are no cameras on the 3/4A or 5/6A landing. Video was reviewed outside of Dining Room#2 while HCH was returning to the cell house from chow. Ofd. Stone is seen breaking away from the group and going back to O-Dorm.

2

On June 13, 2014, a hearing officer conducted a disciplinary hearing in Stone's case. Stone was assisted by a lay advocate. At the hearing, Stone asserted that "[t]he officer said [he] could go to eat chow with 'H'" and specifically, according to Stone,

> Ofc Spurgen checked to see if [he] got permission from the yard [and] they told her no one gave permission so [he] went [and] changed [his] jumpsuit [and] waited to see what was going to happen next."

Dkt. 9-3.

At the conclusion of the proceeding, the hearing officer relied upon the conduct report, Stone's statements, and video evidence and found Stone guilty of disorderly conduct. The following sanctions were imposed: a written reprimand, a three-month disciplinary segregation, and a 90-day deprivation of earned credit time.

Stone appealed the disciplinary conviction to the head of the Pendleton Correctional Facility, and the appeal was denied on July 1, 2014, and to the Department of Correction, which rendered a final denial on August 14, 2014.

**C. Analysis**

Stone argues in his petition that there was no evidence to find him guilty of disorderly conduct. This is a challenge to the sufficiency of the evidence. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

There is no doubt that Stone exhibited disruptive behavior. However, to be found guilty of disorderly conduct, the offender must exhibit both disruptive and violent conduct which disrupts the security of the facility. See dkt. 9-6. There is no evidence in the record reflecting that Stone exhibited any violent conduct.

In response, the respondent does not argue that Stone's conduct (as reflected in the disciplinary hearing record) could be understood to be violent. Instead, the respondent argues that Stone has waived his opportunity to argue that the prison failed to present any evidence that he exhibited violent conduct because his petition states that: "[t]he report of conduct does not say anywhere that the Petitioner was disruptive/or exhibited violent conduct" (Petition at 5) and his institutional appeal states "there has to be some evidence that I was disorderly or exhibited disruptive /and or violent conduct before I can be found guilty at a CAB hearing, there was none!" Dkt. 9-4. Given this language, the respondent urges the Court to conclude that Stone choose not to challenge this issue and that this argument has been waived. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (discussing a waiver issue in a prison disciplinary case); *Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992) (holding that the principles of exhaustion of available state remedies and procedural default apply to prison disciplinary proceedings). The respondent's argument is not persuasive. At all levels of review, Stone asserted that he is not guilty of being disruptive or violent. His point is that neither element was proven. This does not change the fact that some evidence of both elements must be present to find Stone guilty.

Even under the liberal standard of "some evidence," there was not sufficient evidence in the record to support the finding of guilt. Under these circumstances, Stone's due process rights were violated in finding him guilty of disorderly conduct. His petition for writ of habeas corpus must be **granted.**

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because there was insufficient evidence of Stone's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed must be

4

**VACATED AND RESCINDED.** Accordingly, Stone's petition for a writ of habeas corpus is **GRANTED**. No rehearing of the misconduct charged in No. ISR 14-06-0021 is permitted.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _____October 30, 2015_____

*[Signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

ROBERT STONE
194745
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant -- Court Only